UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAIMIE K. LOVATO #129625,

       Plaintiff,

v.                             No.:   3:14-cv-56-TAV-HBG

TN REHABILITATIVE INITIATIVE
IN CORRECTIONS, et al.,

       Defendants.

**MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C.

§ 1983 and an application to proceed *in forma pauperis*. It appears from the application that

the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly,

pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received.

However, for the reasons stated below, process shall not issue and this action is

**DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was

deprived of a federal right by a person acting under color of state law. *Black v. Barberton

Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*,

23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983

does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and confined at the Morgan County Correctional Complex (MCCX). He alleges that he was improperly dismissed from his job with the Tennessee rehabilitative initiative in correction (TRICOR), a state agency that manages Tennessee's prison industry program. *See* Tenn. Code Ann. § 41-22-401, *et seq*. The defendants are TRICOR itself and various officials with TRICOR, the TDOC, and MCCX.

Plaintiff's complaint lacks merit. An inmate has no constitutional right to a job and the fact that plaintiff was dismissed from his job is not a violation of his civil rights. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). *See also Pickelhaupt v. Jackson*, 364 F. App'x 221, 226 (6th Cir. 2010) (prisoners lack "a state-created property interest in employment" as a result of *Sandin v. Conner*, 515 U.S. 472 (1995)).

2

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

3

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4